IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CAROL SUE AROCHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 113-162 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Carol Sue Arocho appeals the decision of the Acting Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I. BACKGROUND**

Plaintiff protectively applied for DIB on January 29, 2010, alleging a disability onset date of June 19, 2009. Tr. ("R."), pp. 96, 188. The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 98-101, 103-05. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 106, and the ALJ held a hearing on December 1, 2011. R. 39-95. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by

counsel, and from William M. Jenkins, a Vocational Expert ("VE"). Id. On February 17, 2012, the ALJ issued an unfavorable decision. R. 20-38.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since June 19, 2009, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: allergies, asthma, chronic cough, and irritable bowel syndrome. (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c)[1] except she can only have occasional exposure to respiratory irritants (fumes, gases, chemicals, etc.). In light of this RFC, the claimant is capable of performing past relevant work as a lead supervisor, retail sales clerk, and cashier. She also has transferable skills from past relevant work, as identified by the VE, that would allow her to perform the jobs of registration clerk, circulation clerk, and calendar control clerk.

R. 25-33.

Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from June 19, 2009, through February 17, 2012 (the date of the decision). R. 33. When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) the

---

[1]"Medium work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

2

ALJ did not properly assess Plaintiff's credibility and improperly engaged in "sit and squirm jurisprudence" regarding Plaintiff's cough; (2) the ALJ failed to find Plaintiff's headaches were a severe impairment that impacted her ability to work; (3) the ALJ failed to give proper weight to the opinion of two treating physicians; and (4) the ALJ failed to properly consider the impact of Plaintiff's frequent bowel movements on her ability to work. (See doc. no. 14 (Pl.'s Br.).) The Commissioner maintains that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. (See doc. no. 19 ("Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to

support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

This case must be remanded because the ALJ's analysis of the vocational impact of Plaintiff's frequent bowel movements is not supported by substantial evidence.

### A. The Role of the VE.

The Social Security regulations state an ALJ may rely on the knowledge or expertise of a VE in determining whether there are jobs a claimant can perform. Specifically, an ALJ may consult a VE to determine whether past relevant work can be done: "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). The VE may also provide expert testimony in response to a hypothetical question about whether a person with certain

physical and mental limitations can "meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." Id.; see also Simpson v. Comm'r of Soc. Sec., 423 F. App'x 882, 884 (11th Cir. 2011) ("The ALJ may rely on a VE's testimony regarding the physical and mental demands of the claimant's past work."). A VE need not produce detailed reports or statistics in support of his or her testimony, but there must be a reasoned basis for the testimony. Bryant v. Comm'r of Soc. Sec., 451 F. App'x 838, 839 (11th Cir. 2012); Curcio v. Comm'r of Soc. Sec., 386 F. App'x 924, 926 (11th Cir. 2010); Thibeault v. Comm'r of Soc. Sec., No. 8:13-cv-586, 2013 WL 6498390, at *13 (M.D. Fla. Dec. 11, 2013). A reviewing court should look for a "reasonable explanation" when there is a conflict between the testimony of the VE and other record evidence. Cf. Leonard v. Comm'r of Soc. Sec., 409 F. App'x 298, 301 (11th Cir. 2011) (ALJ must elicit a reasonable explanation for discrepancy between Dictionary of Occupational Titles and VE testimony before relying on VE testimony).

    **B.**    **The ALJ's Determination That Plaintiff "Can Manage Her Restroom Needs Within the Normal Breaks Afforded by Competitive Employment" Is Not Supported By Substantial Evidence.**

At step two of the sequential process, the ALJ determined that Plaintiff's irritable bowel syndrome (IBS), *inter alia*, was a severe impairment. A severe impairment significantly affects a person's ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). In discussing Plaintiff's IBS, the ALJ noted Plaintiff's testimony that she carries wipes and a change of clothes when she leaves the house because she uses the restroom five to six times per day. R. 28, 57. The ALJ also noted Plaintiff's reports that she has diarrhea four to twelve times per day, but upon careful monitoring of

5

her diet, her bowel movements were reduced to six times per day; the ALJ also pointed to medical records that Plaintiff was "returning to normal," but no definition of "normal" was cited.[2] R. 31, 399.

The ALJ further stated that Plaintiff testified her diarrhea and need for bathroom breaks is "manageable" so long as she watches her diet, but there is no citation to support this conclusion. R. 31. Having reviewed the hearing testimony, the Court found no such testimony. Rather, when asked how frequently she uses the restroom on an average day, Plaintiff testified, "From five to six times a day, because it's, I might go and then ten minutes later, I might have to go back. It's not - - it doesn't just like dump everything at one time. Sometimes I get up and I have to go right back again." R. 57. Plaintiff further testified each trip to the restroom lasts anywhere from five to ten minutes. R. 58.

The ALJ acknowledged Plaintiff had seen numerous doctors for treatment of symptoms related to her IBS, R. 29-31, and the record confirms that Plaintiff consulted with multiple doctors concerning her "severe" or "chronic" diarrhea, including Drs. Matthew Mondi, Adam Waller, Richard Bromer, and Assad Ramzi. Dr. Mondi is the surgeon who removed Plaintiff's gall bladder. R. 370. Dr. Waller is a gastroenterologist who performed a colonoscopy on Plaintiff and saw her for several follow up visits. R. 407, 414. Dr. Bromer is an oncologist who stated Plaintiff had problems with chronic diarrhea related to the removal of her gall bladder. R. 622. Dr. Ramzi is a gastroenterologist who saw Plaintiff for evaluation of "severe diarrhea." R. 653. After testing, Dr. Ramzi's assessment for Plaintiff included mild colitis, mild diverticulosis, and history of chronic diarrhea. R. 654.

The ALJ also relied on testimony from the VE. R. 33. When attempting to classify Plaintiff's past work as a sales associate, the ALJ asked Plaintiff how she had performed the job. R.

---

[2]As discussed in detail below, the failure to provide a definition of relevant terminology is a recurring theme in the ALJ's opinion. In any event, given that this description was provided in the notes of the surgeon who removed Plaintiff's gall bladder, it is not entirely clear that "normal" refers to bowel movements. R. 399.

70-72. Plaintiff testified that in her job as a sales associate, she was on her feet all day; she had a morning break, lunch break, and afternoon break. R. 72. When the ALJ asked the VE to account for restroom breaks in one of the hypotheticals, the VE testified that frequency of bathroom breaks was the critical factor, but so long as the frequency was "within the ordinary breaks," there would be no problem with performing the jobs identified. R. 76-77. However, if hourly breaks were required, the hypothetical claimant could not perform the jobs identified, and any additional bathroom access beyond the "ordinary breaks" would require obtaining special concessions from an employer, thus eliminating for Plaintiff her past relevant work and jobs with transferable skills from that past work. R. 77-78. The VE later testified that if a person were off task for fifteen percent of the day, "over and above the break time and lunch time," there would be no jobs available. R. 84. Problematically, however, the VE never defined "ordinary breaks."

When the ALJ issued her decision, she stated in conclusory fashion that Plaintiff could "manage her restroom breaks within the *normal* breaks given employees in competitive employment." R. 32 (emphasis added). Following the lead of the VE, the ALJ offered no definition of normal breaks. The evidence cited by the ALJ concerning the number of times Plaintiff had to use the restroom during the day ranged from four to twelve. R. 31. Moreover, Plaintiff testified that she might have to take multiple restroom breaks within a ten minute period of time. R. 57.

Although the ALJ is allowed to rely on the expertise of a VE in identifying jobs that a claimant can perform, there must be a reasoned basis for the VE's testimony. Bryant, 451 F. App'x at 839; Curcio, 386 F. App'x at 926; cf. Leonard, 409 F. App'x at 301. The VE testified that frequency of bathroom breaks could eliminate available jobs for Plaintiff if they exceeded ordinary breaks, but the term "ordinary breaks" was never defined. The ALJ simply picked up the VE's empty terminology when determining Plaintiff could perform her past relevant work by managing

her bathroom needs within the normal breaks of competitive employment. There is no record evidence concerning what the frequency of normal breaks might be. Plaintiff testified that her past relevant work allowed three breaks per day, a number below even the lowest number of four diarrhea episodes per day the ALJ referenced. Because there is no reasoned basis for the VE's testimony regarding "ordinary breaks" evident in the record, the ALJ's conclusion that Plaintiff could manage her bathroom needs by effectively using this undefined number of breaks is not supported by substantial evidence. Indeed, it seems likely that a person suffering from so many bouts of diarrhea per day would need special concessions for frequent, immediate, and unscheduled breaks that would, according to the VE, eliminate Plaintiff's past relevant work and jobs with transferable skills from that work.

### C. Remaining Contentions.

Because the case must be remanded because of the misuse of the VE's testimony, the Court need not address Plaintiff's other assertions of error. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation for remand, the ALJ must assess Plaintiff's credibility and the opinions of Drs. Pursley and Loebl in accordance with the applicable regulations and requirements of Eleventh Circuit case law.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that

the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 5th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA